**In re Irma GOTAY, Debtor.**

**Irma Gotay, Plaintiff,**

v.

**Educational Credit Management Corp., Defendant.**

**Bankruptcy No. 99–42508 (JBR).**
**Adversary No. 00–4075.**

United States Bankruptcy Court,
D. Massachusetts.

Feb. 27, 2001.

Malcolm L. Burdine, Worcester, MA, for Irma Gotay.

John White, Topkins & Bevans, Braintree, MA, for Educational Credit Management Corp.

### MEMORANDUM OF DECISION AND ORDER

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter is before the Court on a complaint alleging that certain student

loans owed by Irma Gotay, hereinafter the "Debtor," to Educational Credit Management Corp., hereinafter "ECMC," are dischargeable insofar as the repayment of such loans constitutes an undue hardship pursuant to § 523(a)(8) of the Bankruptcy Code. The parties agree that the Debtor's student loans were consolidated in 1998 under a program guaranteed by a governmental unit or funded in whole or in part by a governmental unit or nonprofit institution and evidence a loan to repay funds received for an educational benefit.

Although the complaint was filed originally naming USA Group Loan Services and NBD Bank, N.A. as defendants, the complaint alleged only that NBD Bank, N.A. was the consolidating lender of the loans in question. Plaintiff never served the complaint upon NBD Bank, N.A. and both the Debtor and ECMC agreed in a signed Pretrial Stipulation that ECMC is the holder of whatever interest NBD Bank, NA ever had. Additionally, USA Group Loan Services filed an assignment to ECMC in this case on May 11, 2000. ECMC then filed a Motion to be Substituted as Party Defendant alleging that it was the holder of the loans in question. Such motion was allowed by Order of this court on May 2, 2000 (Honorable James F. Queenan, Jr.). Therefore, the sole defendant in this matter is ECMC.

ECMC raised a counterclaim against the Debtor requesting dismissal of the complaint with prejudice, a judgment on the student loans with interest, reasonable attorney's fees and costs of collection against the Debtor and a determination that such judgment is nondischargeable. The Plaintiff appropriately answered the Counterclaim, asked that it be dismissed with prejudice and requested discharge of the student loans in question.

## I. *FACTS:*

Only the Debtor testified at trial. Based upon her testimony and the documentary evidence presented at trial the Court finds the following facts;

The Debtor is a fifty year old divorced mother of three children. The Debtor obtained the student loans at issue in this case as a parent for the education of two of her sons, neither of which is obligated on the loans and neither of which is in a position to assist the Debtor in payment of these loans. The Debtor's loans have been consolidated and are now due in the approximate total amount, including accrued interest, of $20,711.63.

The Debtor has custody of and has been raising and supporting her twelve year old grandson since his birth. The Debtor's daughter is unable to raise or contribute to her son's support; the Court has no information with respect to his father.

The Debtor is employed by the City of Worcester School Department as a Parent Liaison and her gross income for 1999 was $18,693.00. Deductions from the Debtor's salary are made for state and local taxes, retirement, medical and dental insurance for herself and union dues.[1] There appears to be no prospect for any significant increase in income for the Debtor. The Debtor testified that she must arrange her work activities around the school day and her grandson's schedule because of various emotional problems he suffers, including Attention Deficit Disorder. The Debtor is herself being treated for stress and was forced to give up her second job because of the need to supervise her grandson and her "stressed out" condition.

The uncontroverted testimony demonstrates that the Debtor's monthly expenses are as follows:

| | | |
|---|---|---|
| Rent | $ 500.00 | |
| Telephone | $ 35.00 | |
| Auto loan | $ 289.38 | (will be fully paid in 7–8 months) |
| Groceries | $ 225.00 | (average) |
| Auto insurance | $ 83.50 | |
| Clothing | $ 42.50 | (average for Grandmother and Grandson) |
| Cable TV | $ 36.00 | |
| Medication | $ 30.00 | (non-covered) |
| **TOTAL** | **$1,241.38** | |

---

**1.** The Debtor's Grandson has health insurance provided by the Commonwealth of Massachusetts.

Although her car loan will be fully paid in approximately eight months, the vehicle is a 1994 Geo Prism which is likely to require costly repair or replacement in the foreseeable future. In fact, the Debtor testified that it currently needs work. Thus, approximately the same amount of money the Debtor currently attributes to transportation, or more, will certainly continue to be required. That is especially true in light of the Debtor's residence in Millbury and employment with the school system in Worcester.

## II. *DISCUSSION:*

■ The sole issue before the Court is whether the Debtor's circumstances, income and expenditures establish that payment of her consolidated student loan would inflict undue hardship upon her such that the loan is dischargeable pursuant to 11 U.S.C. § 523(a)(8).[2] The Court applies the standard set forth in its previous decisions of *In re Dolan*, 256 B.R. 230, 238 (Bankr.D.Mass.2000) and *In re Bloch*, 257 B.R. 374, 377–78 (Bankr.D.Mass.2001). Within those cases this Court found that the proper standard for determining whether excepting the Debtor's student loans from discharge will cause undue hardship requires that the Debtor prove that (1) her past, present, and reasonably reliable future financial resources; (2) her and her dependents' reasonably necessary living expenses, and; (3) other relevant facts or circumstances unique to the case prevent her from paying the student loans in question while still maintaining a minimal standard of living even when aided by a discharge of other pre-petition debts. *See also Kopf v. United States Dept. of Educ. (In re Kopf)*, 245 B.R. 731, 739 (Bankr.D.Me.2000).

Undue hardship does not require poverty or hopelessness. *See Kopf*, 245 B.R. at 744–45; *cf. Randall v. Norwest Student Loan Serv. (In re Randall)*, 255 B.R. 570, 577–78 (Bankr.D.N.D.2000). The Debtor in this case testified that she is like a mother to her grandson who resides with her, but she was not able to get him much last Christmas. She is only able to buy him basic toys and sneakers and she hopes that once her car is paid off she will be able to afford to let him play baseball. The Debtor hopes to be able to purchase her grandson a bicycle for his next birthday. Such things are far from luxuries and in this case there is virtually no likelihood that the Debtor's financial situation will improve. The Debtor further testified in response to questioning by ECMC's Counsel that she has no money at all and sometimes cannot afford to even buy herself lunch. The Debtor's responsibilities for her own and her minor grandson's reasonable expenses are barely met by the Debtor's income. The Court does not see any reasonable foreseeable increase in this debtor's ability to provide additional income. Furthermore, the Court finds that the medical and emotional circumstances of the Debtor, as well as her familial responsibilities, contribute to her financial difficulties.

In some instances this Court has found that certain debtors who felt that they were entitled to a hardship discharge of student loans did not meet the standards set forth in *Kopf v. United States Dept. of Educ. (In re Kopf)*, 245 B.R. 731, 739, *In re Dolan*, 256 B.R. 230, 238 and *In re Bloch*, 257 B.R. at 377–78. However, this Court has also granted relief, without written decision, to other debtors who have filed complaints which met the standard

---

**2.** Section 523(a)(8) of the Code states, in relevant part, that:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -

        (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, . . . unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants.

11 U.S.C. § 523(a)(8).

set forth above, resulting in discharge of their student loan obligations. Such examples include a debtor who submitted uncontroverted evidence that she suffered severe and debilitating effects following a rape by a stranger while in college which resulted in disabilities causing her to be unable to find gainful employment sufficient to pay her student loans. A further example is a debtor who submitted uncontroverted evidence that he suffers from bipolar disorder, that his father and grandfather committed suicide due to chronic depression and that he suffers from the same symptoms which cause him to be unable to earn a living or pay his student loans. These examples describe situations in which the totality of a debtor's circumstances, as evidenced at trial, led the Court to find that a particular debtor has met the test outlined above and is entitled to discharge of her or his student loans as they amount to an undue hardship for the debtor.

In the case at hand the Court finds that (1) there is no likelihood of a significant future increase in the Debtor's ability to repay student loans, (2) the Debtor is barely surviving on the income she does have, and (3) all of the Debtor's funds are necessary for the next several years for the support of her self and her grandson. Expending the limited funds the Debtor earns on student loans would amount to an undue hardship that would infringe on the basic standard of living the Debtor is able to provide herself and her grandson. Pursuant to the law she is therefore entitled to a fresh start without the burden of such loans.

III. *CONCLUSION:*

For all of the foregoing reasons the Debtor's indebtedness to the Defendant Educational Credit Management Corp. in the approximate amount of $20,711.63 is hereby discharged insofar as she has satisfied her burden of showing undue hardship under § 523(a)(8) of the United States Bankruptcy Code. The Counterclaim raised by Educational Credit Management Corp. is hereby disallowed.

IT IS SO ORDERED.